■ LYDIA R. ALQUIJAY, an Infant, by Her Parents and Natural Guardians, JOSEFINA Z. ALQUIJAY et al., Respondents, v ST. LUKE's-ROOSEVELT HOSPITAL CENTER et al., Appellants. — Order, Supreme Court, New York County (Andrew Tyler, J.), entered April 6, 1983, which, *inter alia,* denied defendants' motion and cross motion to dismiss the plaintiffs' sixth cause of action, is unanimously reversed, to the extent appealed from, on the law, and the motion and cross motion are granted, without costs. The plaintiffs are three members of the Alquijay family: the infant Lydia Rebeca (Lydia), her mother Josefina Zamora (Josefina) and her father Salome. When Josefina became pregnant with Lydia, she was over 35 years old. During the pregnancy, doctors in the clinic of defendant St. Luke's-Roosevelt Hospital Center (St. Luke's) advised Josefina that, in view of her age, she should take an amniocentesis test to determine whether she was carrying a fetus that had been affected by any type of genetic abnormality. Thereafter, St. Luke's medical personnel withdrew a sample of amniotic fluid from Josefina. Defendant Columbia Presbyterian Medical Center (Presbyterian) did the chromosomal analysis of this fluid. The result indicated that Josefina would give birth to a normal male child. On May 4, 1976 Josefina gave birth to Lydia, who is a female afflicted with Downs Syndrome. In 1982, Josefina and Salome commenced the instant medical malpractice action against St. Luke's and Presbyterian, on behalf of Lydia and themselves. The complaint contains six causes of action. In lieu of serving and filing an answer, both defendants moved and cross-moved, pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss the complaint, upon the basis that the causes of action were either time barred or did not state a cause of action.

While these motions were pending before Special Term, plaintiffs voluntarily withdrew the first five causes of action, since plaintiffs conceded that these causes of action were legally insufficient. The remaining sixth cause of action is brought on behalf of Lydia and its purpose is to enable her to recover for the extraordinary expenses that she will incur after she reaches her majority as a result of this disease. We find that Special Term erred in denying the motions to dismiss. The Court of Appeals, in *Becker v Schwartz* (46 NY2d 401, 412), clearly enunciated the policy that there is no cause of action, on behalf of an infant, for "wrongful life". In this State the courts have consistently held that the life of one such as plaintiff infant, born in an impaired state, does not constitute an injury to the infant. Recognition of such a cause of action would require legislation. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Kassal, JJ.